SUAREZ, J.
Franciso Gonzalez appeals from an adverse final summary judgment finding that the Meleros obtained good and marketable title to the property in question and that Option One has a valid mortgage against the property. We affirm.
Gonzalez and his ex-wife, Ana Rivero, are Spanish nationals, now essentially divorced under Spanish law. While married, they owned the Miami house in question. When the marriage fell apart, the couple returned to Spain and separated. In 2002, the Spanish court, after a full hearing where both parties were represented by counsel, ratified the separation and entered a judgment appointing Rivero as the sole administrator of the marital estate, and authorized her to dispose of the Miami house in order to satisfy marital debts that Gonzalez refused to pay. In 2003, relying on that authority, Rivero sold the Miami property to the Meleros, who obtained their mortgage loans from Option One. The Meleros moved in, declared homestead, and paid their taxes. Rivero submitted a detailed accounting to the Spanish court, which issued an order fully approving of her actions. Two years *535 later, Gonzalez filed this complaint in Miami-Dade County to quiet title, and for fraud and damages, alleging that Rivero had sold their jointly-owned Miami house without his authority, forged a quitclaim deed, and deprived him of the proceeds of the sale. In 2009, the Spanish high court issued its appellate ruling of Rivero’s appeal in that court, of the Spanish lower court’s prior rulings, affirming that Rivero had the sole authority to sell the Miami house and that her accounting of the proceeds was proper. Once again the parties had notice and were represented by counsel before the Spanish high court. In the Miami-Dade County ease, the Meleros and Option One then moved for summary judgment. The trial court heard argument of counsel and granted summary judgment in the movants’ favor, finding that the Meleros had good and marketable title and that Option One has valid mortgages against the property.
Gonzalez here seeks to rescind the sale of the property and invalidate the mortgages, and asserts that the already-distributed proceeds can be sorted out later, presumably through further litigation. For this Court to so hold would be to ignore the principles of comity, and to reopen issues that have been fully litigated between the parties with counsel representing both parties and with full notice and opportunity to be heard in the Spanish court, a court of competent jurisdiction.[1] The Spanish court properly determined the matter, Gonzalez reaped the benefit of that litigation and the subsequent sale of the property, and is now collaterally es-topped from pursuing this further.
Affirmed.

. See, e.g., Lopes v. Lopes, 852 So.2d 402 (Fla. 5th DCA 2003) (holding that recognition of divorce decrees rendered in foreign courts is a matter of comity involving an exercise of discretion); Popper v. Popper, 595 So.2d 100, 103 (Fla. 5th DCA 1992) (holding that in order to be entitled to comity, the record must show that the foreign judgment partook of the elements that would support it if it had been obtained in this state, i.e., that the grounds relied upon for divorce must be sufficient under Florida law, the petitioning party must satisfy the jurisdictional requirements relating to residency or domicile, and basic due process and notice requirements must be met), review denied, 602 So.2d 942 (Fla.1992).